We are happy to hear her argument in our first case, Reeves v. Meddings, Mr. Oxley. Judge Motz, before we begin I think it's appropriate to note today that this will be Judge Motz's last panel as an active judge. I know I speak for Judge Harrison saying what a pleasure it's been and we look forward to having you back often as a senior. Judge Motz Thank you. May it please the court, my name is Perry Oxley and I represent Howard Meddings in this case. I'm arguing the case today of a denial of a motion for summary judgment that my client brought based on qualified immunity. Howard Meddings was, for the operative time period in this case, the parts supervisor at the Wayne County Bus Garage in Wayne, West Virginia. James Lee Reeves, who is now deceased, and Katrina Reeves also worked for the Wayne County Board of Education, Lee Reeves was in charge of that bus unit and Katrina Reeves drove a bus. In this instance, Lee Reeves and Katrina Reeves brought a claim for civil conspiracy against Howard Meddings under 42 U.S.C. 1983 and they alleged violations of the first, fourth, and fourteenth amendments in that regard. The operative issue in this case is the misapplication of the standard for qualified immunity by the district court judge and that's why we're appealing here today. The gist of this case, and we'll get into the meat of it, the gist is that the federal standard is a two pronged test and does not require a showing that there was not intentional, fraudulent, or malicious conduct. The district court in this case superimposed that requirement in this context for the claims for violations of 42 U.S.C. 1983 and those constitutional amendments. If we agree with you that the district court applied the wrong standard on federal qualified immunity, do you think that would be the correct standard? Your Honor, I think that would be the correct ruling. I think there is an argument that... The correct ruling? Could we do that ourselves? It's a question of law, right? Correct, it is. And I think that's the standard that you're getting at, Your Honor, is de novo here. There are no facts for the district court to find, right? With respect to that. So we would be just as able to do it as the district court to apply the correct standard. That's correct, Your Honor. And in that regard, I think this court could reverse it and remand and ask for an entry or make an entry for summary judgment in favor of Mr. Meddings based on... Just applying the law to the facts and the judge made a number of factual findings. If that suffices to show qualified immunity not standing to the malice factor, we could file for the other party, couldn't we? Your Honor, I think that in this de novo standard that we're dealing with, you can look at the record. No, we can't, counsel. Not on appeal in this interlocutory posture. We have to take the record as the district court saw it. We don't have jurisdiction to review the district court's assessment of the record, the degree to which the district court found disputed facts. We have to accept all of that in this posture. Well, Your Honor, I think that you can accept the facts here and look at the... There's no finding by the district court one way or the other concerning the operative nature of this issue. If we go through the facts of this case, none of the search warrants in this case had any basis concerning Howard Meddings' comments. Can I ask you a question? So the district court found that a reasonable jury could find that your client actively participated in this criminal investigation. And again, we don't have jurisdiction to review whether or not the district court was right or wrong. The district court found that that is a disputed question of fact. And so the first question on federal qualified immunity, before you even get to clearly established law, is was the officer acting within the scope of his authority under state law? That's the threshold inquiry under federal qualified immunity. And I guess I need you to explain to me how conducting a criminal investigation was within the scope of your client's state law authority as a PART supervisor. It's his job to maintain the PART. So he did not do the investigation. The district court said that that was a disputed question of fact, whether he simply cooperated or whether he actively participated. So we have to take the facts the way the district court found them for purposes of our analysis here. Well, he participated. I'm sorry, Your Honor. Go ahead. In this case, his role, and I think the way the district court found the facts, was that his role was to assist in determining whether or not the parts were stolen. That was his role in participating. But none of the information that derived from that led to a search warrant being issued. None of those facts and none of those findings. The findings of fact, as I understand the record given by the district court, are disputed. There's facts on either side. And if that's the case in this realm of interlocutory appeal for qualified immunity, doesn't that deprive us of jurisdiction? I mean, there are facts still to be found. I think, Your Honor, that it deprives you of jurisdiction to the extent that you have to rely upon the findings of the court at this point. However, the court applied the wrong standard. The court did not apply the Evans v. Chalmers case, which requires some degree of causation. But, counsel, the district court found that your client was an active participant in this investigation. That he was texting and meeting with the deputy. That he obtained, or it was at least a disputed issue of fact for a jury, that he obtained pictures and texts and records from the seized cell phone. That he used those to encourage other employees either not to participate in the investigation or, in fact, to give false information about Mr. Reeves. I don't see how any of that was within the scope of your client's discretionary authority. I think that was his job, Your Honor. His job was to participate in criminal investigations? His job was to maintain the parts for the board. The district court found that there is a dispute as to whether he did far more than that here. I understand, Your Honor, but here's what I think is missing from the analysis from the district court judge. It's the wrong standard. I think you're right about that. I don't think anybody disputes that it's the wrong standard. The question is, how far do you get with that right now? Well, my point is, it's the wrong standard and it completely ignores the but-for test. Everything that you said, Your Honor, the but-for test in this case under the Evans v. Chalmers case, that's 703, Fed Third, 636, 2012 case. In that case, the court found that in order for there to be, there has to be a material, there has to be some material violation. So, for instance, you could have a violation, you could have participation, for instance, Your Honor, but if the warrants would have been issued in the absence of whatever participation there was, the dispute of fact about whether or not he participated or how much, these warrants, if this court remains this decision and asks the court to examine whether or not, in fact, this could have been caused by this participation, then I think that's the proper finding here. None of the search warrants, not one of them, were based on information provided by Howard Meddings. It's very clear. In this case, what happened was Lee Reeves, in this case, and the record shows this. I know you've got to go by what the district court shows you, but the bottom line is, in this case... The charge in this case, I think, was conspiracy. Is that right? No, this, yeah, conspiracy for 1983 came on the 14th, yeah. 1st, 4th, and 14th of November. So, in a conspiracy, you have a different set of elements and facts than you would in the underlying crime. I mean, they're separate. You don't have to prove the underlying crime in order to prove the conspiracy, correct? I think you, I mean, I think to prove the full claim, I think... There may have to be overreacts and that sort of thing, but this is a conspiracy. It's not the underlying crime, so there are going to be other actions that may not be dispositive for the underlying crime that would be relevant, though, with a conspiracy charge. I think it, I mean, I think the law is pretty clear, Your Honor, that for a conspiracy claim to attach, there would have to be a showing that there was a constitutional violation under 14 U.S.C. 1983, and in that regard, Your Honor, the operative documents in this case weren't analyzed. Can I ask you a question about that? Because the state court, when the embezzlement claim was dismissed, right, the state court, like this is not a case where there's no, no, no there there. The state court did find that the deputy in this case gave false information, and although the deputy said, yes, yes, it was false, that was a mistake. The state court found, no, given the quantity of the misstatements, we're going to assume that at a minimum it was reckless, and found that those statements were material, and so there's someone in this conspiracy was doing something wrong, right? Well, Your Honor, if you get to the basis of this, what happened here, and bear with me in answering this question, what happened here is that Lee Reeves voluntarily asked the investigating deputy to come out to his personal residence and examine this barn area, which he did, and he took pictures of all this stuff. Lee Reeves confessed that this was material that was from the Wayne County Board of Education, and then he allowed, then he went back and examined that material and compared it to the, he said he got it at auction, and compared it to the auction. That's how the warrants were. I'm sorry, I think I was inartfully trying to ask a different question, sort of picking up on what Judge Agee is saying. This is a conspiracy count. If, for instance, the deputy in this case violated Mr. Reeves' clearly established rights, and based on the state court opinion, that seems plausible, and your client helped him do that, isn't that enough? No. You can't isolate out your client's activities and ask whether only those activities violated clearly established rights. And so, Your Honor, I would go to Massey v. Ogenita, 759 Fed 3rd, 343, and the issue is whether or not, in that context, those constitutional violations were material, and if, in fact, all these warrants would have issued anyway, regardless of my client's participation, then that doesn't matter. It's very important to make this one point. In the statement, the 10-page single-space statement from Deputy Sowers to the Wayne County Magistrate, and his subsequent testimony, there are three witnesses who testify that they observed, observed Lee Reeves stealing material. Ronald Schick-Chafin, Nathan Belcher, Terry Ramsey, all were referenced in that document as having witnessed it themselves. And so, my point is, the warrants, the preliminary hearing, the grand jury, all that would have gone down without Heller-Meading's participation, because there were eyewitnesses to the conduct. And that's my point. It's not material. My client's participation wasn't material. And so, as a result, I don't think it's a constitutional violation. That's our position in the case. I think it's pretty clear that they have to establish that in order to get to that point. And so, the question here is, what's the material violation? And there is none, because all of those documents would have, and we provided this to the district court, but the district court, as Justice Moults pointed out, applied the wrong standard. Do you think that might be because that's all you argued in your summary judgment motions? I mean, I agree it doesn't look like the district court thoroughly analyzed a federal immunity claim, but I did look at your summary judgment briefing, and you only argued the state claim. I mean, you cite the federal standard, but the only two arguments you make are under the two prongs of the state immunity standard. And then, in your reply brief, literally the only thing you argue is we're entitled to immunity under West Virginia law. So, look, I agree with you that there's not clear focus on the federal standard in this case, but I just, I'm a little uncomfortable with suggesting that, wow, the district court must have been entirely out to lunch. The district court just tracked your briefs. Your Honor, we thought a supplemental brief also, and that supplemental brief clearly sets forth the standard and the two new Supreme Court justices and the two pronged tests. And so, and I argued it too, Your Honor. But, suppose that we, the court should hold, yes, you're right, applied the wrong standard, but then we have to send it back for all the reasons that my colleagues have said, or don't we? Your Honor, yes, I agree. And you have to apply the correct standard to the facts here. Correct, Your Honor, and I think that the correct standard, with the understanding... I understand what you think, but the district judge is going to decide that, right? I would agree, Your Honor. So, Your Honor, we argue, Your Honor, this case should be reversed and remanded and that with instructions that the court make findings associated with not only that they apply the two pronged tests and find a constitutional breach in this case so that qualified immunity can be determined, and that that fact finding be made by the court. Mr. Glazer? Thank you, Your Honor. Good morning. May it please this court, Justice Agee, Justice Mott, Justice Harris, Mr. Oxley. This is a special appeal. The standard of review here, as this court has acknowledged during counsel's opening presentation, is limited. It's limited to one narrow legal question, and this is from the Livingston v. Cajigas, I hope I'm pronouncing that right, case from 803-FED-APP-PPX-673-2020. If we take the facts as the district court gives them to us and we view those facts in the light most favorable to the plaintiff, is the defendant officer still entitled to qualified immunity? We have over 1,000 pages of records in this case, and as Your Honors have acknowledged, Judge Chambers looked at the records, he looked at the depositions, he looked at the documents, and applying the rules, he found... What about the standard? Let me go to that, yes, Your Honor. I want to go directly to that, the saucier standard. So, I will tell you right now, I agree with Justice Harris when she said perhaps it wasn't as clear as it should have been in the final order as far as the federal elements. Our position throughout this case has been that the judge did consider the federal standard for qualified immunity going back to the motion to dismiss the order on that, and I want to address that. Well, when the district judge says both qualified immunity, the federal standard, and statutory immunity, the state standard, can be overcome by a showing of malicious conduct, is that correct or incorrect? I would say that that does not reflect, it's not accurate. I would say that it is an overgeneralization. There can be times when you can have conduct in this case that would not allow for state immunity and federal immunity, and let me explain how that can be, how you can have that, but it's not mutually exclusive. The standard is, one, is there a federal statutory or constitutional right that's established? Prong one. In this case, the Fourth Amendment, that's pretty clear. That's the first standard. Counsel, can I just, because that's actually not the first question. The first threshold question is, is the person acting within the scope of their discretionary authority? If they are, then we ask, did they violate a constitutional right? Was it clearly established? I don't think you really briefed that first prong. That's correct, Your Honor. I don't believe, I apologize for that. In this case, I think that Mr. Meddix was acting within his authority. Well, what about the malice factor, though? I mean, the district judge seems to... I'm sorry, what? As I read it, the district judge is saying that malice, in effect, is an additional qualification, an additional element. Malice... An affirmative defense, more or less, to qualified immunity, which I thought the Supreme Court tossed out some time ago. Malice, as far as the Fourth Amendment cases are concerned, when an officer acts with deliberate intent, that could be enough, but in this case, I believe we satisfied the elements to show there's not qualified immunity. Right, but the officer could act with deliberate intent and bad faith, but the right may not be clearly established. Correct. Correct. As far as Meddix is concerned... Counsel, you're not seriously conceding, are you? No, no, Your Honor. I was talking about when Meddix was... Let me just finish my question. Yes, I apologize. I want to make sure we understand each other. Yes. You're not seriously conceding, are you, that Mr. Meddix, if in fact he was actively participating in a criminal investigation, was acting within the scope of his state law discretionary authority? No, Your Honor. Okay, thank you. No, and I apologize. What I meant was, he was working there, but the bottom line is, he went beyond his authority when he does what he does in this case, and I want to address the standard that you've asked me about. The judge clearly articulated that standard in the motion to dismiss, and he said, here it is. You've got to show that, you know, you've got to show these two prongs under saucier, and then he said at this time it presents a plausible claim that Mr. Meddix's actions would not allow him qualified immunity. He said that in the motion to denying the motion to dismiss. He said that in his order denying the motion to dismiss. So when Mr. Meddix renews it at the summary judgment stage, we have the law of the case there. The judge has said, the pleading itself satisfies the pleading, and we're not going to kick this out on qualified immunity. Then after we looked at the evidence, and the judge looked at the evidence, he says, okay, I think that there's a jury question here, and I'm going to let the jury decide this. That's why we're here, and the defense, the appellant, is arguing the facts here. That is 90 percent of their brief, is they're arguing that the judge got the facts wrong, and they're arguing facts that, again, we have to take them as the judge found them below. May I ask a question? You know, if we're trying to figure out whether a right is clearly established for qualified immunity purposes, we have to know what right we're talking about. What is your sort of theory of, what is your constitutional cause of action here? What constitutional right was violated here? A couple. The Fourth Amendment right, protecting my clients' rights to be free from illegal search and seizure and arrest without probable cause. That's the first one. It's our theory, as the evidence reflected below, that Howard Mattings had an agenda against our client, the late Lee Reeves. I do understand sort of like your factual allegations, but so is this like a malicious prosecution theory under the Fourth Amendment? Is that what we're talking about? Essentially it is, yes. It brought us to 1983. That's exactly what it is. And here's the thing, Your Honor. We had used sufficient evidence below to show that Mattings had a motive opportunity to go after Mr. Reeves and Mrs. Reeves' wife to get back at Mr. Reeves, who had gotten the job that he wanted. And we developed that evidence, and we showed that Mr. Mattings had a relation with Deputy Sowers, and that they conspired to have our clients charged, arrested, and to have their Fourth Amendment rights violated. And it's our position that as a person, a reasonable person, would know that telling deliberate lies to law enforcement with the intent to get them arrested would violate a person's Fourth Amendment rights. And as far as the case law on that, I acknowledge that the case law is sparse. We don't have a specific case on point. And I know Appellate is correct on you've got to have the right established. So the question, I guess, is did we show that? And we did find a case from the 11th Circuit, the Buckner case, where we had an official who provided false information, and the court said there's no qualified immunity for that. When you provide false information to law enforcement, you don't get qualified immunity for that. Does it matter that this is a conspiracy case? I mean, how do we frame the qualified immunity question in light of the fact that this is a conspiracy charge? It's not a standalone malicious prosecution claim against Mr. Mettings. So how do we think about it as a conspiracy claim? I would submit that providing false information itself, whether it's individual or other people, is legitimate and sufficient to allow the conspiracy case to go. In other words, if you provide false information in an investigation, it's sufficient to infer that it could be part of a conspiracy if you have that evidence available. And we have that evidence here. In other words, we have the evidence here. I don't think you could... Is the question, do we ask whether what Mr. Mettings did violated a clearly established right, or whether this was a conspiracy to violate a clearly established right, and he participated in the conspiracy? I guess that's what I'm asking. Do we isolate Mr. Mettings' conduct, or do we look at what the conspiracy did as a whole? I think you look at the whole conspiracy. I think you look at the whole event chain to determine whether or not it occurred, because that's what we pled here, and I think that's the way you look at this case. There is no standalone malicious prosecution claim against Mr. Mettings, right? Correct. Technically, that's correct, Your Honor, yes. I also want to mention that the search, and I realize we're not here to review facts, but he did participate in the search. There are other facts I could get into, but the bottom line is the judge looked at these facts and determined, again, that Mr. Mettings did not develop a sufficient record to show that he benefited from that defense. Bottom line is, the appellant wants to change the facts. He wants this court to revise the facts. I mean, I would like to be taller like my co-counsel, Mr. Sott, and Mr. Anderson here. I can't have it. And the standard is, you've got to look at the facts as the court gives them to you. Judge Chambers stated, a jury could infer from the record that appellant acted maliciously and intended his false accusations to lead to false criminal charges depriving the Reeves of their constitutional rights, and that he knew his actions would result in violations of the Reeves' rights, and we submit that that is sufficient to remove Mr. Mettings from qualified immunity. Counsel, you recognize, don't you, that as your colleagues on the other side keep telling us, that federal qualified immunity does not require any malicious act. I understand that. That doesn't disqualify you from qualified immunity under federal law. So that was error, right? Your claim may go back because you have state law claims and because you may, under the correct standard, prevail under federal law. But it was error to say that this malice somehow was part of the federal qualified immunity standard, right? Yes, Your Honor. And I think, but as I said before, under the standard, each same set of facts satisfies the federal and the state standard here. Again, you could have a case where you don't have... Good, good. But he didn't apply that standard, right? Yes. So, we're saying here that actions of Mettings, though, that he would know as a reasonable person that that would deprive my clients of their Fourth Amendment rights. That's what we're saying here, that he knew and a reasonable person would know. And if a jury gets this set of facts, the jury could well conclude that he doesn't, you know, his mindset and his actions were sufficient to deprive him of that defense. That's what we're saying here. In other words, there's sufficient evidence for him not to receive the qualified immunity. So, as far as the standard is concerned, I will tell you, and I acknowledge the court's arguments, the drafting of that final order on summary judgment should have been clearer. I don't believe it was very clear on that. And I think that the court should have been a little more clear in the way it drafted that order. But as far as where we get with that, when you look at the motion to dismiss and the order on the motion to dismiss, the court did go through the elements on that. And when you look at that and the law of the case and the record, I believe that the court did reach the right result here applying the qualified immunity analysis. Can I ask you just, it has no particular bearing on this qualified immunity question, but what's going on with the rest of this case? We just have the motion for summary judgment of one defendant now. What's going on with the rest of the case? Yes, Your Honor. Mr. Reeves passed away last year. What happened is ultimately the state court judge dismissed the criminal charges against Mr. Reeves. Everything's been dismissed. I know about that part, yeah. But what about the other defendants in your claim? We're awaiting trial. No, the other defendant in this case, I believe Deputy Sowers did not file an appeal. So we're still awaiting trial, and I apologize. No, no, I wasn't that clear. So Deputy, there's no qualified immunity for Deputy Sowers? Yes, that's correct. And those are the only two defendants, Rachel, I know you've read the brief, so I won't belabor the point. I thought there were other defendants. There were. The Board of Education, the Wayne County Board of Education was dismissed, and we did not appeal from that, but they were completely dismissed from this case. We brought similar actions against the superintendent of schools in the Wayne County, but they were dismissed, and that case has been resolved. They will not be a party at trial. They may have witnesses, but they're not a party at trial. And you mentioned that one of your clients had died. Do his claims continue after death? It's our position that they do. We've briefed that before the district court, and it's our position that they do survive his death. But the part- But you didn't brief it in this case. No, no, no. Because he hadn't died at that point. He had died, but we- I mean, in this, in the record that comes up to us, at that point, he still had not died, right? He had died, Your Honor, but I believe by the time the record got to you, I think that the briefing on the decedent happened after the appeal process had been filed in this case. And what's going on with that issue? So it was briefed before the district court, but the district court hasn't ruled on the survivor? That's correct. The district court is awaiting Your Honor's decision in this matter. So who's the proper plaintiff in this case? We, right now, for Mr. Reeves' case, we've brought the estate in. We've added the estate as a party for Mr. Reeves. Do we have anything that shows that? I don't know that you do, Your Honor. But you would be the source of it. You would know. No, the answer is no. Do we have the proper parties before the court now? The proper- I believe that we filed it as Mrs. Reeves, as the executrix of his estate. I believe we did. I mean, is that in the district court or is that in the Fourth Circuit? The district court. We did that at the district court. So let's, separately, let's just assume for purposes of argument, the district court erred on applying the federal qualified immunity standard. There's still a state statutory immunity element in this case, is that right? That's correct. On the state claims, if you can show deliberate conduct, then you don't get the state immunity. All right. So let's just assume that we decide that the federal qualified immunity has to go back. What happens with the state statutory immunity? We have the common law claims at that point, and I believe at that point that state law claims should proceed against Mr. Mettings. Well, your only appeal is the federal qualified immunity. That gives you a right to an interloc- or it gives them a right to an interlocutory appeal. That's the only issue that's in front of us, is that right? Correct. Is that right, that you can't, there's no interlocutory appeal on the denial of state qualified immunity in this case? That's correct. How come? Because the parties have briefed it. Right. Why do you think that's not, isn't the rule that if it's, we can hear those claims on an interlocutory basis so long as under state law, the immunity is an immunity from standing trial and not just an immunity from liability? That's correct. Okay. So is it your position that the state law immunity here is only an immunity from liability and that's why we don't have jurisdiction over them? No, it's my position that if you send this back, that the state law claims that the judge decided that appropriately under the state law immunity, in other words, if I understood Justice Agee's question correctly, it was if you send this back, what happens with the state law claims? No. No. Well, we want to know what we have before us, what we have jurisdiction over. Okay. We know we have jurisdiction over a denial of federal qualified immunity or grant thereof. What about the state immunity? You have jurisdiction over that as well. Why is that? Because it's part of the appeal. Everything's been brought up with the appeal. But it's, it's interlocutory appeal. Right. That's, and that's, that means not everything is before us, right? Correct. So, when you say everything's on appeal, that is not an answer to me, to why. But, what's, what's your authority that we can decide the non-federal issue on the interlocutory appeal? I, I honestly do not have authority on that. I guess you didn't bring the appeal, so it's not up to you, but do you have, so you have, do you have a position on whether we have jurisdiction at all, sort of at the threshold to hear any kind of a challenge to these state law immunity claims? I actually take your brief to be arguing we don't have jurisdiction, we should dismiss the appeal as to those claims because it is, those, that appeal is based entirely on an argument about the state of the record, and we don't have jurisdiction to consider that. Correct. And that, that's my, my original position, and again, I apologize to the court for not having the preparation on the other issue, but that is my position. I guess if we're dismissing anyway for a lack of jurisdiction, it doesn't much, you know, we can dismiss on any jurisdictional ground without reaching the others, so, okay. So in conclusion, basically we believe that Judge Chambers made the right decision when we would ask that the judges affirm his decision. Thank you. Your Honor, rebuttal. I want to make a couple of quick points, one with respect to Katrina Reeves. Katrina Reeves, there are no allegations of any misconduct by my client towards Katrina Reeves in any way, shape, or form in this case. Well, the district court found otherwise, and again, we don't have jurisdiction to consider that. Well, there are an allegation of a 1983 claim, I mean, the civil conspiracy for 1983 was brought also by Katrina Reeves, and the allegation of malicious conduct, the finding was based on malice without any specific finding of even a constitutional violation against her. There's not even any evidence in the record. With respect to the federal component of this case, for the constitutional violations, that there were any misconduct, in fact, by Katrina Reeves' own admission, there weren't any. And so... Again, you know, this is a conspiracy, right? It's not that there have to be specific acts against her, but there's an overarching conspiracy that's alleged, as I understand it, that affected both individuals. But, Your Honor, with respect to qualified immunity in this context, and we have to apply the two-prong test, we cannot identify a clear violation of a constitutional right with respect to Katrina Reeves when there's no conduct in this case that is alleged to be nefarious with respect to Katrina Reeves. In fact, she testified herself that she'd never known any conduct that was adverse from Mr. Meadings herself. And Your Honor, I want to address an issue that Justice Harris brought up earlier with respect to the role of my client in this, in his participation in this investigation, and I want to make the point that the record, and I think it's undisputed in the record, is that the superintendent of Wayne County Schools asked that my client participate in the investigation with Deputy Sowers. It's important to note that in addition to the Wayne County Board of Education and Deputy Sowers, that the Wayne County Superintendent of Schools, Todd Alexander, was a party upon whom summary judgment was granted in this case, and that he made a request that my client, his employee, engage and assist Deputy Sowers in the investigation. In particular part, he questioned Mr. Reeves himself, the superintendent of schools did, and then asked for his participation on an ongoing basis. I also want to make this point. This case is replete with violations of the requirement that the alleged violations be specific and not broad. This, we have been talking about a variety of different things. The only allegation argued at the hearing below is that my client made assertions that there was a terror scam going on. Counsel, I'm sorry, I don't, I apologize for interrupting, but I see that you're getting short of time, and I was hoping you could address the question of jurisdiction over whether we have jurisdiction to hear the appeal from the denial of state statutory immunity in this case. Your Honor, it would be my position that the court has the authority to address the qualified immunity issue in this context, and that if, from a federal perspective, and that... You have jurisdiction over the denial of federal qualified immunity, but you have also purported to appeal the denial of state court immunity in an interlocutory posture, and I wanted to give you a chance to explain why we have jurisdiction to hear that part of your appeal. Your Honor, I think that that was a broader... Our argument with respect to your jurisdiction in that context deals with the application of qualified immunity, and the fact that the decision by the court in that context with the same general issue covered that, again, and forgive me for this, for going the long way around this, but the malice analysis in this case overrode any factual findings in this case pertaining to a specific constitutional violation as a result of that. That analysis didn't take place even with respect to the state court claims. Your Honor, I think that to put it in... It's wrong. What we're trying to do is decide whether we have jurisdiction. Yeah, I understand. And our argument would be that you do based on the general assertion that analyzing the qualified immunity issue with material facts, with the material facts that can be established based on the record that are undisputed, would allow for a finding that it applies to the state court claims. I understand, Your Honor, that's a stretch and it asks for extension of the law, and I can't cite your case right now. That's my argument. Real quick, if I could follow up just briefly on a couple of things. The Appley cited to the Buckner case, which is an 11th Circuit, what he called an 11th Circuit decision that's a Middle Tennessee, Georgia case. It is not a case that identifies or puts anyone on notice of a... Notice of the conduct would be a violation of the Constitution in that context. I also want to point out that case, and that case was a post-trial motion case, and that in that Buckner case, the jury had already found that there was a... That there was a causal nexus between the conduct of the person and the constitutional, or the damages in the case. The constitutional violation, that's not been done here. In fact, that analysis is exactly part of the analysis that needs to be done when the case goes back, because there's no findings of fact after the assertion of malice. I want to go back to, and this is the point I was trying to make earlier, with respect to the material must be operative material. And throughout the day, we've said we have to stick to the circuit court's findings, but I think the case law allows you guys, allows the court some degree of discretion as it pertains to undisputed facts. I want to make the point that it's our contention that the warrants are uncontested. The findings are in the record. The material considered by the magistrates are in the record. And this court has found in the past that it acts as an intervening, superseding cause when a magistrate makes a decision in this context. Also, every single one of these operative documents would... without my client's participation. And again, specific, not broad, specific, the allegations that have come upon us from the Applees throughout the course of this time period have all pertained to the argument and allegation that my client said to other people, Lee Reeves is running a tire scam. And that's what it is. That's what the allegation is. When that was pressed, and I think that the hearing at the circuit court level suggests this, when this was pressed at the lower level, their answer was that Lee Reeves said, that Howard Mettings said Lee Reeves was running a tire scam. And that's not a constitutional violation, Your Honor. And it was completely inoperative. That's all I have. Well, thank you very much for your arguments. I think that we will go directly to the next case. Judge Romage, before we leave that, could I suggest that I don't find anything in either brief on the jurisdiction of the court over the state interlocutory appeal. Could we ask the parties to send us a brief 28-J letter telling us why we do or do not have jurisdiction over the state's statutory immunity? That's fine, Your Honor. I wasn't happy to do that, Your Honor. You understand what you're to do? Yes. Short. A letter. Maybe with a citation, you know? Okay. Thank you. Thank you. And within a week. Thank you, Your Honor. Thank you.
judges: Diana Gribbon Motz, G. Steven Agee, Pamela A. Harris